[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
In his habeas corpus petition, this petitioner claims CT Page 7012 ineffective assistance of appellate counsel on his direct appeal. The novel claim raised in the petition is that counsel failed "to adequately brief and argue the evidentiary and public policy grounds for excluding consistency (sic) of accusation evidence at his trial."
In its decision is [State v. Battle, 39 Conn. App. 742, (1995). the Appellate Court affirmed the defendant's conviction for sexual assault and risk of injury to a child. At page 750, the court stated appellate counsel's claim as to the admission of constancy of accusations testimony as "outmoded, anachronistic, gender biased and violates the guarantee of equal protection." It was also claimed the testimony lacked adequate "indicia of reliability" and "particularized guarantees of trustworthiness" necessary to satisfy constitutional standards.
In decision released November 28, 1995, the court rejected these arguments. Certification to the Supreme Court was denied.
The petitioner argues that this issue "which was not addressed by appellate counsel in Mr. Battles appeal, was the issue which the Supreme Court decided favorably to the defendant in [State v. Troupe, 237 Conn. 284 (1996) under nearly identical facts."
 DISCUSSION I
In its decision in [State v. Troupe, the Supreme Court did not reject the constancy of accusation doctrine, but imposed restrictions on its use. However, this modification was applied only to those cases in which constancy of accusation testimony had not been admitted into evidence on the date of the publication of the opinion, June 11, 1996.
That court as recently as 1994 had refused to abandon this doctrine. [State v. Kelly, 229 Conn. 557.
A close examination of the Troupe case reveals that in Troupe, as in virtually all prior attacks on this controversial doctrine, the appellant argued primarily on constitutional grounds. He also urged that the doctrine be abandoned because it promulgates sexist expectations and was unsound, unfounded and unfair. CT Page 7013
Contrary to the petitioner's claim, the brief of appellate counsel in the Appellate Court, (and the court is not suggesting a comparison between it and the Troupe briefs,) covers virtually the same ground.
In fact, the brief under attack stresses the theme that the Supreme Court ultimately adopted — that it is time for a change. It posited that the doctrine was an anachronism, was gender biased, and the "reason" for it no longer existed.
After ordering supplemental briefs, the court also had amicus curiae briefs on the subject when it concluded:
 "In deciding to modify our constancy of accusation rule, we are not unmindful of the important role that the doctrine of stare decisis plays in our system of justice. Stare decisis, however, is not an end in itself. See, e.g. [Kluttz v. Howard, 228 Conn. 401, 406, 636 A.2d 816 (1994). Thus, [p]rinciples of law which serve one generation well may, be reason of changing conditions, disserve a later one. . . . Experience can and often does demonstrate that a rule, once believed sound, needs modification to serve justice better.: (Citations omitted; internal quotation marks omitted.) [Connecticut Junior Republic v. Sharon Hospital, 188 Conn. 1, 17-18, 448 A.2d 190 (1982). [State v. Troupe, supra. at page 303." In footnote 18, page 304, the court notes that it had last undertaken a comprehensive
review of the doctrine in [State v. Dabrowski, 199 Conn. 193
(1986).
Appellate counsel here sought to give the court an opportunity for such a review in seeking certification, but that attempt was denied.
From the analysis of these two cases, the court must reject the petitioner's propositions.
First, the issue of the doctrine was addressed on appeal and addressed quite appropriately.
Second, counsel did all that was possible to get the issue to the Supreme Court for a "comprehensive review." CT Page 7014
Finally, the court's decision itself appears to state the proposition that this was one of those occasions which comes in the course of litigation — a legal happening, so to speak, when an often rejected proposal gains that degree of acceptance necessary to accomplish a startling change.
 II
As noted above, the decision in Troupe was applied prospectively by the Supreme Court.
Thus, even if his appeal had proceeded to that court and had become the decision affecting the doctrine, it would not have entitled the petitioner to a new trial.
The petitioner cannot and has not demonstrated prejudice, the second prong of the test set out in the [Strickland case; [Strickland v. Washington, 466 U.S. 668 (1984), citation omitted.
 CONCLUSION
The petition is denied and judgment may enter for the defendant.
Anthony V. DeMayo Judge Trial Referee